UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANTHONY JACKSON,

                                    Plaintiff,

vs.

MICHAEL MUKASEY, Chief Judge
Southern District of New York;
DAVID SAXE, Appellate Division,
First Dep't; et al.,

                                      Defendants.

8:06-CV-1284
(LEK/DRH)

---

APPEARANCES:

ANTHONY JACKSON
Plaintiff pro se

LAWRENCE E. KAHN
United States District Judge

## DECISION and ORDER

**1.** **Background**

The Clerk has sent to the court plaintiff's civil rights complaint, together with his application to proceed *in forma pauperis*. Plaintiff is presently incarcerated at Upstate Correctional Facility.[1] (Dkt. Nos. 1, 2).

In this *pro se* complaint, plaintiff names twelve judges and a district attorney as defendants. Plaintiff appears to have named the judges because each judge denied an appeal or dismissed an action filed by plaintiff.[2] Plaintiff has also named District Attorney of New

---

[1] Plaintiff has filed seven other actions in the Northern District of New York since May, 2006. Four of those actions have been closed, and three of the four that have been closed have been transferred to other districts. See Jackson v. Morgenthau, 8:06-CV-1121; Jackson v. Goord, et al., 8:06-CV-1176; Jackson v. McPartland, et al., 9:06-CV-1084.

[2] Plaintiff has included copies of the defendant judges' decisions as exhibits to the complaint.

York County, Robert Morgenthau.[3] Plaintiff's claims against defendant Morgenthau involve his alleged actions that resulted in plaintiff's 2002 criminal conviction in New York County. Plaintiff also appears to have sued defendant Morgenthau for his (and his assistant's)[4] opposition to plaintiff's post-conviction court proceedings. Plntf's Exs. G, H. Plaintiff has sued each of the Appellate Division Justices who participated in affirming his conviction; the New York Court of Appeals Judge who denied plaintiff leave to appeal; the Appellate Division, First Department Justices who denied his petition for writ of error coram nobis; and the New York Court of Appeals Judge who denied leave to appeal from the denial of coram nobis. Plntf's Exs. A-C, F.

Plaintiff has also named the Appellate Division, First Department Justices who denied his petition for a state court writ of habeas corpus. Plntf's Ex. D. Plaintiff also filed a petition for a state court writ of habeas corpus in the Franklin County Court, and plaintiff has named the Acting Supreme Court Justice who denied that petition. Plntf's Ex. E. Finally, plaintiff has named Michael Mukasey, former Chief United States District Judge of the Southern District of New York because then-Chief Judge Mukasey dismissed a 2005 civil rights action in which plaintiff sued New York State, District Attorney Morgenthau; and Assistant District Attorney Simon Whang for their involvement in plaintiff's criminal conviction. Plntf's Ex. I.

---

[3] Plaintiff has included copies of opposition papers to plaintiff's application for writ of error coram nobis in the Appellate Division, First Department and his application for leave to appeal the denial of coram nobis, submitted by defendant Morgenthau, through one of his assistant district attorneys. Plntf's Exs. G, H.

[4] Plaintiff has not named the Assistant District Attorney as a defendant.

2

## II. **Discussion**

### A. *In Forma Pauperis* Application

The statute provides that the court may allow the commencement, prosecution, or defense of any suit without prepayment of fees if the individual submits an affidavit, including a statement of assets, showing that the individual is unable to pay the court's fees. 28 U.S.C. § 1915(a)(1). An inmate submitting an *in forma pauperis* application must also submit additional information regarding his correctional facility trust fund account. 28 U.S.C. § 1915(a)(2). Plaintiff in this case has submitted the appropriate documentation and meets the financial qualifications for *in forma pauperis* status.

However, the statute also provides that when a court grants *in forma pauperis* status, section 1915 requires the court to undertake an initial screening of the complaint to ensure that the case goes forward only if it meets certain requirements. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The court shall dismiss the case at any time if the court determines that the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Id. Although this court grants plaintiff's application to proceed *in forma pauperis*, the court will dismiss this action.

### B. Venue

The law provides that in a civil action in which jurisdiction is not based solely on the diversity of citizenship, venue is proper only in the judicial district where any defendant resides, if all defendants reside in the same state; where a substantial part of the events or omissions giving rise to the claim occurred or where a substantial part of the property which is the subject of the action is situated; or where any defendant is subject to personal jurisdiction at the time the action is commenced if there is no other district in which the action may otherwise be brought. 28 U.S.C. § 1391(b)(1)-(3).

This action was brought under 42 U.S.C. § 1983. It is a federal question case, not a case based solely on diversity of citizenship. Therefore, venue is proper in a judicial district where any defendant resides. 28 U.S.C. § 1391(b)(1). Plaintiff's criminal conviction, which appears to be the underlying subject of this action, occurred in New York County. See Plntf's Ex. A. New York County is within the jurisdiction of the United States District Court for the Southern District of New York. In this case, all the defendants except Acting Supreme Court Justice Feldstein and New York Court of Appeals Judge George Bundy Smith are located in the Southern District of New York.[5] (the "Southern District defendants"). All the claims against all defendants in this case, except defendants Feldstein and Smith, arose in the Southern District of New York. However, Judges Feldstein and Smith are both located in the Northern District of New York.

Because two of the defendants are residents of the Northern District of New York, venue is proper in this district. This court is making no finding regarding personal jurisdiction over the Southern District defendants because for the following reasons, the court dismisses the entire complaint with prejudice.

### C. Judicial and Prosecutorial Immunity

The law is clear that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial discretion.'" Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994)(emphasis added)(quoting Pierson v. Ray, 386 U.S. 547 (1967)). A judge's absolute immunity applies however erroneous the challenged act may have been, and however

---

[5] The Southern District defendants are Chief Judge Michael Mukasey; Appellate Division, First Department Justices, David Saxe; Betty Weinberg-Ellerin; Milton Williams; John Sweeny, Jr.; Peter Tom; Eugene Nardelli; Luis Gonzalez; and Angela Mazzarelli. New York Court of Appeals Judge Albert Rosenblatt and District Attorney Robert M. Morgenthau are also located in the Southern District of New York.

injurious that alleged act may have proved to the plaintiff. Young, 41 F.3d at 51. Prosecutors also enjoy absolute immunity from suit under section 1983 in matters associated with their functions as an advocate, regardless of motivation. Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994)(prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); Bernard v. County of Suffolk, 356 F.3d 495 (2d Cir. 2004)(absolute immunity shields prosecutors from suit pursuant to section 1983 for alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to grand juries).

In this case, a review of the complaint shows that plaintiff has named the judges solely because they decided plaintiff's case against him. Plaintiff seems to have named every judge that ever decided an issue relating to his criminal conviction, and now appears to have added former-Chief Judge Mukasey as a defendant because then-Chief Judge Mukasey dismissed one of plaintiff's many civil rights actions in which he attempted to sue the prosecutors in his criminal case. See Jackson v. State of New York et al., 05-CV-513 (S.D.N.Y. Jan. 14, 2005)(attached to plaintiff's complaint as Ex. I). Plaintiff has named the prosecutor because plaintiff apparently believes that he was improperly prosecuted.

The *in forma pauperis* statute specifically provides that the court shall dismiss a complaint if the plaintiff seeks monetary damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B)(iii). In this case, it is clear that plaintiff has only sued the judges, (whether they were in the Southern or the Northern District of New York), because they held against him in either his criminal or his civil actions. There is no more "judicial" function than ruling on a case. Thus, plaintiff is attempting to sue the judges *solely* for performing their judicial functions.

Plaintiff has sued defendant Morgenthau because he allegedly "maliciously

prosecuted" plaintiff. Defendant Morgenthau is clearly immune from this type of claim. Plaintiff alleges that he was illegally prosecuted and convicted, and then all his "appeals" were "illegally denied." This court must dismiss this action because all defendants are named solely because of their actions relating to their judicial or prosecutorial functions. Generally, when the court dismisses a pro se action *sua sponte*, plaintiff will be allowed to amend his action. See Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999). A court need **not** allow amendment if there is **no possibility** that plaintiff would be able to state a claim. Id. In this case, regardless of any attempt to amend, plaintiff will not be able to state a claim against any of the defendants in this case. Thus, the action is dismissed with prejudice.

### D. Transfer

The court is well aware that in the interests of justice and for the convenience of parties, it could transfer the entire action to Southern District of New York. 28 U.S.C. §1404(a). The case could even be severed, and part of the action transferred to the Southern District, while retaining the action in the Northern District as against those defendants residing in the Northern District. See, e.g., Bell v. Classic Auto Group, Inc., 04 Civ. 693, 2005 U.S. Dist. LEXIS 4413, *18-19 (S.D.N.Y. March 21, 2005). As stated above, the only connection that this case has to the Northern District of New York is that two of the judges happen to reside in this district. The "bases" for plaintiff's claims (the allegedly improper conviction) occurred, if anywhere, in the Southern District of New York, and all but two of the defendants reside there. However, I will not exercise the option to transfer this case.

First, as stated above, the judges and the prosecutor enjoy absolute immunity from suit. The court also notes that defendant Mukasey has *already dismissed an action, raising almost identical claims against defendant Morgenthau in the Southern District of New York*. This is the case over which plaintiff is now attempting to sue Chief Judge Mukasey. In addition,

6

plaintiff has filed two other complaints in the Northern District of New York, naming District Attorney Morgenthau as a defendant. See 8:06-CV-1121; 8:06-CV-1176. This court has already transferred one of those cases to the Southern District of New York. Jackson v. Morgenthau, 8:06-CV-1121.

It would be futile to transfer the entire case to the Southern District or to sever and transfer the case only as against the Southern District judicial defendants. It would also be futile and redundant to transfer this case against defendant Morgenthau to the Southern District. A transfer would not be in the interests of justice. It is clear that plaintiff is simply filing actions that allege the same claims against multiple defendants who are immune from suit. If plaintiff does not obtain the relief that he seeks, he simply files another lawsuit. Notwithstanding the liberality with which *pro se* cases must be handled, the court does not have to accept abusive litigation.

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and it is

**ORDERED**, that the complaint against **ALL DEFENDANTS** is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), and it is further

**ORDERED**, that the Clerk serve a copy of this Order on plaintiff by regular mail.

Dated: November 13, 2006

_____
HONORABLE LAWRENCE E. KAHN
United States District Judge